UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO M. HARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>COUNTY OF COOK, GINA CHUNG, )<br>SHINY JAMES, RYAN REIGER, and )<br>SUSAN SHEBEL, )<br>)<br>Defendants. ) | Case No. 20-cv-1718<br><br>Honorable Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio M. Harris filed his four-count amended complaint on March 5, 2021, against the County of Cook and employees at the Cook County Jail, including Gina Chung, Physician Assistant ("PA"); Shiny James, Registered Nurse ("RN"); Ryan Reiger, correctional officer; and Susan Shebel, RN. Harris alleges that the defendants violated 42 U.S.C. § 1983 when they denied him medical care, failed to intervene, and conspired to deprive him of his constitutional rights. Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that the claim is untimely under the statute of limitations. The defendants also assert pleading deficiencies concerning defendant Reiger. For the following reasons, the Court denies in part and grants in part defendants' motion to dismiss.

### BACKGROUND

The following allegations are taken as true for the purpose of ruling on this motion. On or about July 25, 2018, Harris's right forearm was impaled on a fence spike in the course of his arrest, resulting in a severed tendon. The injury left the muscle and tendon in Harris's forearm exposed and, because of the severed tendon, he was unable to extend multiple fingers.

On July 26, 2018, Harris was taken to Stroger Hospital for initial treatment of his injury and thereafter provided with a follow-up appointment for tendon repair and skin grafting surgery scheduled for July 31, 2018. On July 27, 2018, Harris was detained at the Cook County Jail. On that same day, Gina Chung, PA, entered orders for Harris's prescriptions but did not enter an order for him to receive surgery on July 31. On July 31, 2018, Harris was seen by Shiny James, RN, and then transferred to a holding cell so that he could attend his surgery appointment. Harris was never taken to his surgery appointment but, instead, was brought back to his jail cell after four hours of waiting.

Harris alleges that his wound was not timely treated and became infected as a result. Harris filed a grievance regarding his lack of surgery and alleges that the defendants subsequently conspired to cover up their misconduct by falsifying records. For example, he alleges that, in response to his grievance, defendant Shebel wrote that Harris had refused surgery. Harris did not undergo surgery to treat his arm until he was transferred to the custody of the Illinois Department of Corrections ("IDOC"). Once at IDOC, Harris underwent three surgeries to repair his arm which resulted in severe pain, suffering, and ongoing mobility issues.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

The defendants' motion to dismiss focuses in major part on the affirmative defense of the statute of limitations. The defendants argue that Harris filed his original complaint against Nurse Jane Doe, Nurse John Doe, and Sheriff Thomas J. Dart on May 29, 2020. Thereafter, Harris requested discovery to identify the unknown defendants on September 29, 2020, and subsequently filed an amended complaint naming defendants County of Cook, Gina Chung, Shiny James, Ryan Reiger, and Susan Shebel on March 5, 2021. Defendants contend that Harris failed to timely avail himself of discovery procedures in order to learn the names of the unknown defendants prior to the expiration of the applicable statute of limitations. Furthermore, defendants claim that Harris failed to allege any specific conduct by defendant Ryan Reiger to support a claim against him.

*Statute of Limitations*

"A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago,* 914 F.3d 472, 478 (7th Cir. 2019); 735 ILCS 5/13-202. However, "the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principals.'" *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (citation omitted). A § 1983 claim borrows its accrual rule from the "common-law cause of action most similar to the kind of claim the plaintiff asserts." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). Here, the common-law cause of action most analogous to the present case is a medical malpractice action. In cases with similar factual allegations, the Seventh Circuit has applied "the federal rule for medical errors [which] is that a claim accrues when a person knows his injury and its cause." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

Harris filed a grievance on July 31, 2018, the same day that he did not receive his anticipated surgery. Thus, his Section 1983 action accrued on that date because it was then that Harris knew his injury and its cause. *Richards*, 696 F.3d at 637. Harris timely filed his initial pro se complaint on

March 19, 2020, naming plaintiffs Nurse Jane Doe, Nurse John Doe, and Sheriff Thomas J. Dart. After he retained counsel, he requested discovery on September 29, 2020, in an effort to identify the unknown defendants. Harris then filed his amended complaint on March 5, 2021, naming the County of Cook, Chung, James, Reiger, and Shebel as defendants. By the time Harris sought to identify and subsequently named the new defendants in his amended complaint, defendants argue that the statute of limitations had run.

*Rule 15(c)(1)(C) and Relation Back*

Defendants acknowledge in their reply brief that the relation back doctrine under Federal Rule of Civil Procedure 15(c)(1)(C) applies in this case. Specifically, the rule allows a plaintiff to add or change a defendant after the statute of limitations has run when the amendment "relates back" to the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(C). When a plaintiff seeks to add a defendant, the amendment relates back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.*

In 2010, the Supreme Court provided guidance regarding interpretation of the mistake requirement under Rule 15(c)(1)(C)(ii), explaining that the rule "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere, S.p.A.*, 560 U.S. 538, 548 (2010) (emphasis in original). After *Krupski*, the Seventh Circuit reiterated that, in deciding whether a complaint relates back to the original date of filing, the focus should remain on the

4

defendant's knowledge. *Joseph v. Elan Motorsports Techs. Racing Corp*, 638 F.3d 555, 559–60 (7th Cir. 2011).

Courts within this district have come to different conclusions in deciding whether to extend *Krupski* to cases in which John Doe defendants stand in for later-named defendants. *See, e.g., Haroon v. Talbott*, No. 16-CV-04720, 2017 WL 4280980, at *6 (N.D. Ill. Sept. 27, 2017) (Blakey, J.) (collecting cases). The Court joins others in this district in concluding that *Krupski* signaled a doctrinal change in relation back analysis in cases concerning John Doe defendants. *See White v. City of Chicago*, No. 14 CV 3720, 2016 WL 4270152, at *17 (N.D. Ill. Aug. 15, 2016) (Durkin, J.) (collecting cases). This Court agrees that, after *Krupski*, the proper inquiry is what the defendant knew or should have known within the ninety-day period following the filing of the original complaint as set forth in Federal Rule of Civil Procedure 4(m). *Harris v. Dart*, No. 18 C 5222, 2020 WL 60201, at *4 (N.D. Ill. Jan. 6, 2020) (Durkin, J.). This approach supports Rule 15(c)(1)'s purpose which is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *White*, 2016 WL 4270152, at *18 (quoting *Krupski*, 560 U.S. at 550). To determine whether a case is barred by the statute of limitations, the Court must review the record of what defendants knew or should have known prior to being named to the suit. Because such information is seldom available upon the motion to dismiss stage, dismissals on this basis are rare. *See Hawks v. Gade,* 16 C 4944, 2018 WL 2193197, at *4 (N.D. Ill. May 14, 2018) (Lee, J.); *see also Harris*, 2020 WL 60201, at *4.

Harris requested discovery to identify the correct defendants on September 29, 2020, four months after filing his initial complaint through counsel. However, there is a limited record of whether defendants knew or should have known that they would be named during the ninety-day period subsequent to the filing of the initial complaint. Like other courts within this district, the

5

Court concludes that an in-depth, factual inquiry into defendants' knowledge is not appropriate at the pleadings stage. *See Brainer v. Dart*, 16 CV 6013, 2018 WL 1519154, at *4 (N.D. Ill. Mar. 28, 2018) (Mason, J.). Therefore, the Court denies defendants' motion to dismiss on the basis of the statute of limitations at this juncture where the John Does are placeholders for good reason.

*Claims Against Defendant Reiger*

In addition to their statute of limitations argument, defendants contend that Harris's claims against defendant Ryan Reiger should fail for want of specific factual allegations concerning Reiger. It is well settled that "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, for a defendant to be liable under Section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights. *Wilson v. Warren Cnty.*, 830 F.3d 464, 469 (7th Cir. 2016). The personal-involvement requirement is satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent. *Id.*

Aside from the caption, defendant Reiger's conduct is vaguely mentioned only in paragraph seven of Harris's amended complaint. The amended complaint contains no specific details pertaining to Reiger's personal involvement in the claim aside from the allegation that "[h]e was responsible for transporting Plaintiff on 31 July 2018." Harris clarifies the allegations for the first time in his response brief, stating that Reiger failed to transport Harris to the hospital and, instead, falsified records in an effort to place blame upon Harris for the missed surgery. These allegations as they pertain to Reiger are not specifically set forth in the amended complaint and "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). The Court therefore grants defendants' motion to dismiss plaintiff's claims against defendant Reiger without prejudice. The Court grants plaintiff leave to amend his complaint in accordance with this ruling.

*Conclusion*

For the foregoing reasons, the Court hereby denies in part and grants in part defendant's motion to dismiss [52]. The Court grants plaintiff leave to file a second amended complaint by August 13, 2021.

IT IS SO ORDERED.

Date: 7/26/2021     Entered: _____
                    SHARON JOHNSON COLEMAN
                    United States District Judge